UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DERRICK CORPORATION** | CIVIL ACTION |
| **VERSUS** | NO: 16-13943 |
| **FLUID SYSTEMS INC.** | SECTION: "J" (4) |

## ORDER AND REASONS

Before the Court is a **Motion for Leave to File Un-Redacted Memorandum and Exhibits Under Seal (R. Doc. 2)** filed by Movant Derrick Corporation ("Derrick") requesting the Court to allow Derrick to file an un-redacted copy of its memorandum in support of its motion to compel compliance with a subpoena (R. Doc. 1) as well as two exhibits under seal. The motion is opposed. R. Doc. 3. For the following reasons, the motion for leave to file under seal is **GRANTED IN PART AND DENIED IN PART.**

### I. Background

On March 30, 2016, Derrick alleges that it served a Rule 45 subpoena duces tecum on Fluid Systems, Inc. ("Fluid Systems") through its registered agent. R. Doc. 1, p. 1. The subpoena stems from a patent infringement and false advertising case brought by Derrick against Screen Logix, LLC and Axon Energy Products, Inc. ("Defendants") *Id.* at p. 2; *Derrick Corporation v. Screen Logix, LLC, et al*, Case No. 15-cv-01238. Derrick is a corporation that involved in the design and manufacturing of screening equipment and screen surface technology. R. Doc. 1-2, p. 2. In connection with that business, Derrick alleges that it holds a patent entitled "Vibrating Screening Machine and Vibratory Screen and Screen Tensioning Structure." R. Doc. 1-2, p. 3. In the underlying case is pending in the Western District of Louisiana, Derrick is alleging that the Defendants began manufacturing, marketing, and selling replacement screens for Derrick's patented machine. For the alleged violation of its patent, Derrick brought suit.

On August 18, 2016, Derrick filed a motion to compel compliance with the subpoena issued to Fluid Systems. R. Doc. 1. In connection with that motion, Derrick filed the instant motion seeking leave to file an un-redacted version of its memorandum in support of its motion to compel as well as two additional exhibits under seal. R. Doc. 2. In its motion, Derrick states that the information redacted from the memorandum in support as well as the exhibits were subject to a protective order in the underlying case. R. Doc. 2-1, p. 1. Derrick further states that the Defendants' counsel had refused to allow Derrick to make a brief statement that would have eliminated the need to file the documents under seal. *Id.* Derrick further states that, while it would like to provide Fluid Systems with the documents at issue, the Defendants have refused to allow Derrick to provide those documents to Fluid Systems absent Fluid Systems either becoming a party to the protective order or agreeing to only allow Fluid Systems's counsel access to the documents. R. Doc. 4-2, p. 2. Derrick states that Fluid System has refused those conditions. *Id.*

On August 26, 2016, Fluid Systems filed an opposition to the motion to file under seal. R. Doc. 3, p. 1. In opposition, Fluid Systems argues that the motion to seal should be denied because it failed to comply with Local Rule 5.6. *Id.* at p. 2-5. Moreover, Fluid Systems states that it should not be required to agree to a protective order ordered in Western District of Louisiana or to enter into any contractual agreement concerning the documents at issue. *Id.* at p. 5-6 Finally, Fluid Systems argues that it would be prejudiced in having to defend a motion to compel that is both redacted and supported by documents to which Fluid System has no access. *Id.* at p. 2.

## II.     Standard of Review

### A. Motions to File Under Seal

Motions to file under seal are governed by Local Rule 5.6 of the United States District Court for the Eastern District of Louisiana. To file a document under seal, the movant must submit

a separate motion to file under seal with a non-confidential memorandum supporting that motion. LR 5.6(A)-(B). Moreover, the non-confidential memorandum must include:

1) A non-confidential description of what is to be sealed;
2) A statement as to why sealing is necessary;
3) Reference to governing case law; and
4) A statement of the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon sealing.

LR 5.6(B). The movant may additionally submit a confidential memorandum in support of the motion, which willed be treated as sealed pending a ruling on the motion to seal. When the document is filed under seal pursuant to an order, the motion must state on its face that it is so doing. LR 5.6(c)

Finally, the Court notes the reluctance with which the law grants a motion to file under seal. "The court is a public forum. Its record is presumptively a *public* record, open to view by all, and requests to seal the court's record are *not* lightly granted or considered. . . .[and] 'must be made in light of the strong presumption that all trial proceedings should be subject to scrutiny by the public.'" *Cruz v. City of Hammond*, Nos. 09–6304, 13–5220, 2015 WL 1525758, at *1 (E.D. La. Apr. 2, 2015) (quoting *United States v. Holy Land Found.*, 624 F.3d 685, 690 (5th Cir.2010)). The district court's discretion to file under seal is to be "exercised charily" with "any doubt. . .construed in favor of disclosure." *Liljeberg Enters. Int'l, LLC v. Vista Hosp. of Baton Rouge, Inc.,* No. 04–2780, 2005 WL 1309158, at *1 (E.D.La. May 19, 2005) (quotations omitted). The burden is on the movant to demonstrate the necessity of filing the document under seal. *Id.*

**B. The Protective Order**

In following the local rules, Derrick states that the material has been filed under seal pursuant to an order of Western District of Louisiana. Derrick has provided the Court with a copy of that order. R. Doc. 1-2, p. 81. Upon reviewing the Joint Protective Order, the Court finds that

3

the scope of the order protects documents and information that is "confidential or proprietary information or trade secrets." *Id.* at p. 81

### III. Analysis

Here, Derrick has filed a motion to file under seal: 1) an un-redacted version of its memorandum in support of its motion to compel; 2) Deposition Transcript of David Schulte; and 3) Fluid Systems' Quotation. As an initial matter, the Court finds that Derrick has procedurally complied with the local rules despite Fluid Systems's arguments to the contrary. Derrick has provided a non-confidential description of what is to be filed under seal. R. Doc. 2-2. Derrick has provided a statement arguing for the necessity of filing under seal. R. Doc. 2-1, p. 1. And, Derrick has pointed to the governing order and incorporated that order, which lays out the timeframe and handling of documents under seal. R. Doc. 2-3. So, at least procedurally, the Court does not find fault with Derrick's motion.

Substantively, the Court does find that Derrick has not met the required showing of necessity to file all of the documents under seal. The Court will address each document in turn. First, the Court finds that Derrick has not met the showing of necessity required to file the un-redacted version of its memorandum in support under seal. The Court has compared the redacted and un-redacted versions of the document. R. Doc. 1-1; R. Doc. 1-5 (sealed). The redactions are few. R. Doc. 1-1, p. 2-3, 6. These redactions appear largely associated with the existence of a business relationship between Defendants and other businesses. The Court finds that these redactions are unnecessary to protect any confidential information nor fall within the scope of the protective order given that the redacted information does not concern "confidential or proprietary information or trade secrets." As such, the Court will deny the motion to file under seal as it relates to the un-redacted memorandum in support.

Second, the Court finds that some of the information in the deposition transcript of David Schulte may contain some "confidential or proprietary information or trade secrets" in connection with the design and manufacture of screening technology underlying this case. However, the Court finds that the remainder of the deposition transcript does not contain "confidential or proprietary information or trade secrets." As such, the Court will grant in part Derrick's request to file the deposition transcript of David Schulte under seal. The Court will redact those portions of the transcript from the public record. A copy of the redacted document will be added as an attachment to this order as "Exhibit 1."

Third, the Court also finds that Derrick has not shown the necessity to file the Fluid Systems' Quotation under seal. After reviewing the exhibit (R. Doc. 1-6), the Court finds that the document does not contain any "confidential or proprietary information or trade secrets." R. Doc. 1-2, p. 81. As such, the Court will also deny the motion to file under seal the Fluid Systems' Quotation.

Finally, pursuant to Local Rule 5.6(D), "[i]f the motion to file under seal is denied, the movant may file another motion to remove the document(s) from the record within seven days. If no such motion is timely filed, the document(s) must be filed as a public record."

## IV.    Conclusion

**IT IS ORDERED** that **Motion for Leave to File Un-Redacted Memorandum and Exhibits Under Seal (R. Doc. 2)** is **DENIED IN PART AND GRANTED IN PART.**

**IT IS FURTHER ORDERED** that the motion to file under seal is denied as to the un-redacted memorandum in support (R. Doc. 1-5) and to Fluid Systems' Quotation (R. Doc. 1-6, p. 6-7).

6

**IT IS FURTHER ORDERED** that the motion to file under seal is granted in part as to the deposition testimony of David Schulte (R. Doc. 1-6, p. 1-6) consistent with the redactions found in the attached Exhibit 1.

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 5.6(D), "[i]f the motion to file under seal is denied, the movant may file another motion to remove the document(s) from the record within seven days. If no such motion is timely filed, the document(s) must be filed as a public record."

New Orleans, Louisiana, this <u>6th</u> day of September 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**